UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS HAVEL,

    Petitioner,

                                      Case No. 8:14-CV-1280-T-23TBM
                                                      8:03-CR-363-T-23TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

O R D E R

This cause comes on for consideration of Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-59). Because review of "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court will not cause notice of the motion to be served upon the United States Attorney but shall proceed to address the matter. See 28 U.S.C. § 2255(b).

To put this matter in context, in August 2003, Petitioner and his co-defendant, Crystal Green, were charged in an Indictment with conspiracy to possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (Count One). Petitioner was also charged with possessing with the intent to distribute 50 grams or more of methamphetamine, possessing with the intent to distribute 500 grams

or more of methamphetamine, and possessing with intent to distribute cocaine in violation of 21 U.S.C. § 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii), 841(b)(1)(A)(viii), and 841(b)(1)(C) Counts Two-Four). On November 18, 2003, Petitioner pled guilty to Count One pursuant to a written plea agreement. On March 3, 2004, Petitioner appeared for sentencing. As Petitioner was a career offender due to his two prior felony controlled substance offenses, his Enhanced Offense Level, after an adjustment for acceptance of responsibility, was 34. (PSI ¶ 40-43.) With a criminal history category of V, his Guideline sentencing range was 262 to 327 months. The Court granted the Government's motion for a two-level reduction of sentence for substantial assistance. Thus, Petitioner's Guideline range became 188 to 235 months. The Court sentenced Petitioner to a term of imprisonment of 210 months. Petitioner did not appeal.

On May 29, 2014, ten years after Petitioner's sentencing, Petitioner filed a § 2255 motion. Specifically, Petitioner claims that (1) the Court's imposition of an enhanced sentence as a career offender violated Petitioner's due process rights; and (2) his sentence resulted in a miscarriage of justice. Specifically, Petitioner claims that his prior convictions pursuant to Fla. Stat. § 893.13 do not constitute "controlled substance offenses" pursuant to U.S.S.G. § 4B1.2 because § 893.13 is a strict liability offense that does not require mens rea. Petitioner seeks to be resentenced

without the career offender enhancement.

There is a one-year statute of limitations period on the filing of all non-capital habeas petitions and motions attacking sentence in federal courts. 28 U.S.C. § 2255(f). Unless one of the three exceptions applies as provided in § 2255(f)(2)-(4), the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Where the defendant does not pursue a direct appeal, his conviction becomes final when the time expires for filing a direct appeal. Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000).

Petitioner's conviction became final on March 17, 2004, when his time to file a notice of appeal of the judgment expired.[1] He had one year from that date, until March 17, 2005, to file a § 2255 motion. Therefore, unless he can show one of the exceptions applies, Petitioner is time-barred because he filed the instant § 2255 motion on May 29, 2014, which is clearly past the one-year deadline from the date on which his conviction became final.

Petitioner contends that his motion is timely under §

---

[1] At the time of Petitioner's sentencing, a notice of appeal had to be filed within 10 business days after the entry of the judgment. Fed.R.App.P. 4(b)(1)(A)(i) (2007). The Court entered the Judgment in a Criminal Case on March 3, 2004. (Cr-D-45.)

2255(f)(3). Section 2255(f)(3) provides that the statute of limitations runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner relies on Descamps v. United States, --- U.S. ----, 133 S.Ct. 2276 (2013), in support of his claim.

In Descamps, the Supreme Court addressed whether a prior conviction under the California burglary statute qualified as a "violent felony" under the residual clause of the Armed Career Criminal Act. The Supreme Court clarified that the modified categorical approach could not be applied to indivisible statutes that criminalize a broader range of conduct than the ACCA. Id. at 2293.

Descamps has not been found to apply retroactively on collateral review. Johnson v. United States, Case Nos. 8:14-CV-1139-T-30EAJ; 8:03-CR-184-T-30EAJ, 2014 WL 2215772, at * 2 (M.D. Fla. May 27, 2014). Furthermore, Descamps does not apply in this case as Petitioner was not sentenced under the ACCA based upon a "violent felony"; rather, his sentence was enhanced under the sentencing guidelines due to his prior "controlled substance offense[s]." As such, Petitioner cannot avail himself of a delayed start to the one-year limitation under § 2255(f)(3), and his motion

is untimely.[2]

Even if Petitioner's motion were timely, he would not be entitled to relief. The court in United States v. Smith, 522 Fed. Appx. 564, 566 (11th Cir. 2013), addressed whether a conviction pursuant to Fla. Stat. § 893.13(1)(A) constitutes a "controlled substances offense" for purposes of the career offender enhancement. The court found that "neither the statutory language of the sentencing guidelines nor our case law requires that a 'controlled substance offense' be one in which the defendant had knowledge of the illicit substance." Id. (citing U.S.S.G. § 4B1.2(b)). The court continued:

> We look at the elements of the convicted offense, not the conduct underlying the conviction, to determine if a prior conviction is controlled substance offense under § 4B1.2(b). United States v. Lipsey, 40 F.3d 1200, 1201 (11th Cir.1994). Florida statute § 893.13(1)(a) makes it "unlawful for any person to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver, a controlled substance." Therefore, Smith's violation of that statute was a "controlled substance offense." See U.S.S.G. § 4B1.2(b).

Smith, 522 Fed. Appx. at 566.

Here, Petitioner was convicted of possession of cannabis with intent to sell or deliver in violation of Fla. Stat. § 893.13(1)(A) in the Circuit Court for Hillsborough County, Florida in Case No.

---

[2]Petitioner does not raise an equitable tolling argument. In any event, there is no evidence that "extraordinary circumstances" beyond Petitioner's control made it impossible for him to file his § 2255 motion on time. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

96-4351, and possession of cocaine with intent to sell or deliver in violation of Fla. Stat. § 893.13(1)(A) in the Circuit Court for Hillsborough County, Florida in Case No. 98-6950. (PSI ¶ 40, 49 and 54.) In light of Smith, Petitioner's convictions constitute "controlled substance offenses" for the purpose of the career offender enhancement. Thus, the Court properly sentenced Petitioner as a career offender.

IT IS ORDERED that:

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv-D-1; Cr-D-59) is DISMISSED as untimely.

(2) The Clerk is directed to CLOSE the civil case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida this 10th day of July, 2014.

_____
WILLIAM J. CASTAGNA
SENIOR UNITED STATES DISTRICT JUDGE